FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Aug 14, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

FABIAN LUA LUA,

Defendant.

No. 4:25-CR-06029-MKD-1

ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

**ECF No. 41**

On Thursday, August 13, 2026, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 41) and a status hearing regarding the case status and trial preparedness. Defendant was represented by Assistant Federal Defender Juliana Van Wingerden. Assistant United States Attorney Laurel Holland represented the United States.

**I. Status Hearing**

The Court reminded the parties of Judge Mary K. Dimke's case management order (ECF No. 39) and the scheduled deadlines and hearings in the case. Both parties agreed that they have met and will continue to meet their obligations as set forth in the case management order. Trial is set for October 5, 2026. ECF No. 39. The Court asked both parties to confirm that the trial date is viable, and they will be ready for trial on that date. Ms. Holland indicated she was covering the case for

a colleague, but that counsel of record would notify the Court if they were not ready for trial. Ms. Van Wingerden indicated she was waiting for plea negotiations and evidence from the United States.

The Court reminded the parties that the case management order states, “Absent extraordinary circumstances, no further continuances will be granted.” ECF No. 39 at 2:7–8.

The Court advised the parties that if they reach a plea agreement and wish to avoid the deadlines and hearings as set, they should promptly notify Judge Dimke’s chambers. The undersigned is available for a change of plea hearing.

**II. Motion to Modify Conditions of Release**

Defendant requests that the Court remove Special Conditions Nos. 8 and 9, which impose stand-alone GPS location monitoring. ECF No. 41. Defendant reasons he was released on September 12, 2025, and has fully complied with pretrial release since then. *Id.* Additionally, Defendant asserts he has strong ties the community, including living with his family and working two jobs. *Id.* Neither the United States nor United States Probation/Pretrial Services object to Defendant’s request.

Pretrial release conditions are governed by 18 U.S.C. § 3142(c). A defendant released on conditions shall be subject to the least restrictive condition or combination of conditions to “reasonably assure the appearance of the person as

required and the safety of any other person and the community." § 3142(c)(1)(B). To determine whether there are conditions that will reasonably assure the defendant's appearance and the safety of the community, courts consider four factors under § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(1)–(4). Important here, courts "may at any time amend the order to impose additional or different conditions of release."

Due to Defendant's compliance for nearly one year on pretrial release, his strong ties to the community, and the agreement of the parties, the Court finds the condition modification warranted. However, because Defendant's status as a legal permanent resident may be affected by a finding of guilt in this case, the level of GPS location monitoring will need to be re-evaluated if a finding of guilt is made.

In conclusion, the Court finds that Defendant's requested modification of removing GPS location monitoring is sufficient to reasonably assure Defendant's appearance and the safety of the community under § 3142.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 41**) is **GRANTED**.

2. **Special Condition Nos. 8 and 9 (ECF No. 21) are STRICKEN.**

3. All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED August 14, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE